Frank Platt
vs.                    } W.C.A.No.568
E. M. Dart Mfg. Co.

December 31, 1925

BAKER, J. Heard under Workmen's Compensation Act.

The testimony showed that the petitioner, who was employed by the respondent company on a boring lathe,

boring out unions for plumbers' supplies, was compelled to stop work about November 27, 1923. His left hand, wrist and arm became inflamed and swollen, and this inflammation extended and spread later to his right hand and arm and to other portions of the body. He had to receive medical treatment, the dressings on the affected parts not being removed until March, 1924.

The petitioner claims that he suffered an injury from an accident while working for the respondent and that since November 27, 1923, he has been entirely incapacitated. His contention is that, while working on this date, one of the unions struck on the lathe and a sharp or rough portion of the union cut or scratched his left index finger as it turned on the lathe. He claims that the finger, and thereafter the wrist and arm, became infected and that blood poisoning followed, either from the dirt connected with the lathe and the boring operation or from a mixture of soap, oil, soda and other materials, which was automatically poured upon the union for the purpose of keeping it cool.

The respondent claims, on the other hand, that the evidence shows that there was no accident from which the petitioner suffered any injury, that there was no cut or scratch and that if the petitioner's trouble came from anything connected with his work, it was in the nature of an occupational disease. The respondent further contends that for a considerable period the petitioner has been fully able to work.

The facts in the case show that the respondent paid the petitioner compensation under the act up to September 30, 1924.

The petitioner was examined by two doctors for the respondent, first on March 31, 1924, soon after the bandages were removed, and later on January 20, 1925. While these physicians differed slightly in their testimony, both were of the opinion that the rash or skin trouble from which the petitioner was suffering was in the nature of an eczema and that, as far as they could tell, the petitioner's left hand and arm had not been infected. Their testimony tended to substantiate the respondent's claim that the petitioner, perhaps, was suffering from something in the nature of an occupational disease.

The petitioner himself and his physician testified clearly to a cut or deep scratch on the index finger of the left hand, and also testified that this was pointed out to the respondent's physicians. The petitioner's physician testified that the left hand and arm were infected and that, while this infection was cured or had passed away, the present skin trouble was a development from the injury.

A witness for the respondent named Duggan testified that if a union struck on a boring lathe, it might cut a man's finger. Another witness for the respondent, its acting foreman, testified that he had worked for over twenty years and had never had any such skin trouble from the use of the cooling mixture, nor had he seen anyone else have any such trouble. An examination of the petitioner's left index finger showed what apparently was a slight scar.

After considering carefully all the testimony in the case, the court has come to the conclusion that the petitioner did have an accident on or about the 27th day of November, 1923, and that the injuries which followed were properly traceable to that accident. This seems to the court a more reasonable and probable explanation of the injury, while, of course, the court recognizes the fact that there are many occupational diseases, including in some instances eczema and other forms of skin trouble, it does not believe that in this case the petitioner's difficulty could be termed such. No testimony was introduced

on behalf of the respondent that any such disease was common in the trade the petitioner was following. It did not appear that any other person had ever suffered any such eczema or skin trouble from the use of the materials furnished the petitioner, and on the whole the court finds that the petitioner is not suffering from an occupational disease. The court believes the matter can be definitely traced to an occurence which happened on November 27th.

This being so, the remaining question raised is as to whether or not the petitioner is incapacitated. The evidence shows that whatever infection or blood,poisoning there might have been passed away in due course and what remains is apparently some skin trouble in the nature of eczema, which appears from time to time on petitioner's hands and wrists, and occasionally on other parts of his body, he doubtless having infected himself at these points. The testimony shows clearly that the rash is appearing with less frequency and is gradually wearing off. It also is apparent that this rash, while doubtless annoying, in the judgment of the court in no way affects the petitioner's ability to work, except perhaps in this, that he ought not to perform work which might tend to irritate his skin and possible bring on a recurrence of the eczema. It is clear that the petitioner's general health is excellent and has been for a long time.

The facts show that the petitioner was paid compensation up to September 30, 1924. He was examined October 15, 1924, by a physician for the respondent. At that time he was perfectly well and normal and had no rash, and had not had any for some time. He was next examined January 20, 1925, by the same doctor, who then found a slight rash or eczema on certain parts of his body, but nothing which would prevent his working.

In the judgment of the court, the evidence in the case shows clearly, that for a considerable period of time the petitioner has been able to work and has been in no way incapacitated. The court believes from the evidence that this period runs back to the summer of 1924, and the court finds, therefore, that the respondent, having paid compensation to the petitioner up to September 30, 1924, has fully compensated him for whatever injuries he might have suffered on November 27, 1923, and that he is not entitled to any further compensation. No testimony was introduced as to the amount of any bills for medical attendance.

The petition is denied.

Fitzgerald & Higgins for Petitioner.

Curtis, Matteson, Boss & Letts for Respondent.